BETSY TONKINS, as Administratrix of GEORGE W. TONKINS, Deceased, Respondent, v. THE NEW YORK FERRY COMPANY, Appellant.

*Negligence in the care of passengers at a ferry — what constitutes.*

In this action, brought to recover damages resulting from the death of the plaintiff's intestate at the ferry of the defendant, it appeared that upon the day of the accident the plaintiff's intestate entered the waiting-room of the defendant and stood in the midst of a crowd which was waiting for the arrival of the boat. When the door was opened to allow the crowd to go upon the boat, teams were coming rapidly off the boat upon the roadway, on to which the plaintiff's intestate was pushed by the crowd, and was killed by a truck which was passing along the roadway from the boat to the street. It appeared that without the pushing and jostling of the crowd the accident would not have happened.

The evidence showed that the boat-house, in its plan of construction, was substantially the same as that of the other ferry-houses in the city of New York, and that no similar accident had occurred before, and it further appeared that it was a matter of frequent occurrence upon the opening of these doors, that men, by the pushing of the crowd, would be forced into the roadway.

*Held*, that under these circumstances, it was clearly negligent to open these doors when heavy trucks were going up the bridge at a high rate of speed, as, by being forced into the roadway, the passengers were necessarily placed in peril, and it was negligence on the part of the defendant not to provide against the happening of such an accident.

*Loftus* v. *Union Ferry Company* (84 N. Y., 455) distinguished.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial upon the minutes of the judge before whom the action was tried.

*P. A. Hendrick*, for the appellant.

*J. C. Foley*, for the respondent.

Van Brunt, P. J.:

The defendant maintains and operates a ferry between Roosevelt street in the city of New York, and Broadway in the city of Brooklyn. A little before six o'clock on the afternoon of October fifth, the plaintiff's intestate entered the defendant's ferry house in Roosevelt street to take passage to the city of Brooklyn, where he lived. The waiting room in this ferry house is separated from the bridge and

passage ways leading to the boat, and passengers are admitted to the bridge and passage-ways by a sliding door which is opened and closed by the gateman in the employ of the defendant. The bridge is some forty-six feet in length and has a roadway for teams in the middle, and passage-ways for passengers upon each side. The sliding door is kept closed until the boat is made fast to the slip and when there are many passengers on the incoming boat, until a majority of them have left. It is then opened and passengers pass through it and thence along the foot walk for passengers, to the boat. Passengers passing out of the waiting room through the sliding door, can go down the first walk to the boat or pass over the roadway to the opposite walk, or go down the roadway itself.

Upon the day of the accident the plaintiff's intestate entered the waiting room and stood in the midst of a crowd who were waiting for the arrival of the boat. When the door was opened teams were going off the boat rapidly upon the roadway. The crowd pressed forward and plaintiff's intestate either walked or was pushed by the crowd to the outer edge of the walk and then was pushed into the roadway by the crowd and was killed by a truck which was passing along the roadway from the boat to the street. Without the pushing and jostling of the crowd, the accident would not have happened. The evidence showed that every ferry house in New York is constructed in substantially the same manner as that of the defendant and that no similar accident had occurred before.

Upon this state of facts as above stated, there clearly could be no recovery, as there would be no evidence of negligence upon the part of the defendant in the construction and management of its ferry house and the bridges connecting with the boat.

In the case of *Hubbell* v. *City of Yonkers* (104 N. Y., 434), the rule is laid down for guidance in cases of this description that that which never happened before *and which in its character is such as not to naturally occur to prudent men to guard against* its happening at all, can furnish no ground for a charge of negligence in not foreseeing its possible happening and guarding against that remote contingency.

But there is another bit of evidence in the case which prevents the defendant from enjoying the benefits of this rule. The evidence in the case at bar shows that it was a matter of frequent

occurrence upon the opening of these doors that men by the pushing of the crowd would be forced over into the roadway. Under these circumstances it was clearly negligence to open these doors when heavy trucks were going up the bridge at a high rate of speed, because if there was danger of any of these passengers being forced over into that road they were necessarily placed in peril, and it was negligence upon the part of the defendant not to provide against the happening of such an accident. The character of the accident was not such as would not naturally occur to prudent men to guard against, because defendant's employees had had opportunity to see the danger and they should have appreciated it, and the defendant should have taken means to guard its passengers against the occurrence of an accident such as befell the plaintiff's intestate.

The rule laid down in the case of *Loftus* v. *Union Ferry Company* (84 N. Y., 455), is that if the defendant ought to have foreseen that such an accident might happen, the omission to provide against it would be actionable negligence.

In the case at bar if the evidence of the witness, who testified to the happening of this accident, is to be believed, then the allowing of its passengers to be put into this peril was something which the defendant ought to have foreseen and guarded against, the omission to do which was actionable negligence.

A number of authorities have been cited upon the part of the appellant, but they all proceed upon the theory that there has been nothing to call the attention of the carrier to the dangers which its passengers ran, and that for a long period of time methods of conducting business in the way in which the carrier had conducted its business had uniformly proved adequate, safe and convenient.

But in the case at bar the evidence shows that there was a peril which was incurred by the passengers upon the boats of this company, in consequence of the large crowds which gathered together for the purpose of taking passage and which was not ordinarily to be incurred, and against such dangers a person of ordinary prudence would certainly have established proper safeguards. All dangers of this kind could have been avoided if the passengers were not allowed to leave the waiting room until the boat had discharged its teams. If it be claimed that this would take too much time and that the boat could not remain sufficiently long in order that this

might be done, the answer is that because a carrier cannot afford the time to embark his passengers in safety, he is not at liberty to kill them. The claim that the plaintiff's intestate was guilty of contributory negligence seems to rest on no foundation whatever. There is no evidence, although he had been a passenger upon these boats before, that he knew of any such danger to be incurred, and he had no reason to suppose or to infer that his life would be put in danger by a negligent act upon the part of the defendant's employees.

There was no obligation upon his part to wait to be the last man upon the boat. The evidence shows that he took his place in the midst of the crowd, and it does not appear that in the manner in which he conducted himself he did anything that a man of ordinary prudence would not have done. If the defendant desires to conduct its business as a common carrier it must do so with a due regard to the safety of those who entrust themselves to it for carriage.

The judgment appealed from should be affirmed, with costs.

Bartlett and Macomber, JJ., concurred.

Judgment affirmed, with costs.